UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00014-MR
(1:03-cr-00083-MR-1)

| | | |
|---|---|---|
| GREGORY DANIELS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [CV Doc. 1].[1]

## I. BACKGROUND

On October 6, 2003, Petitioner Gregory Daniels ("Petitioner") was charged in a Bill of Indictment with one count of possessing a firearm "having been convicted of a crime punishable by imprisonment for a term exceeding one year, that being bank robbery," in violation of 18 U.S.C. § 922(g). [CR

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:21-cv-00014-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:03-cr-00083-MR-1.

Doc. 2: Indictment]. Petitioner pleaded guilty to this offense without a plea agreement. [CR Doc. 42 at 3, 6: Plea Hearing Tr.].

The Magistrate Judge conducted Petitioner's Rule 11 hearing on January 7, 2004. [Id.]. At the hearing, the Magistrate Judge listed the essential elements of a conviction under § 922(g), including that Petitioner "[had] been convicted in any court of a crime punishable by imprisonment for a term exceeding one year," and that "whatever acts you did, you did them knowingly, willfully, intentionally, and unlawfully, and not by some accident or mistake." [Id. at 7]. Petitioner testified that he understood each essential element the Government would have to prove beyond a reasonable doubt to convict Petitioner of this offense. [Id. at 7-8]. Petitioner further testified that he understood that the Government would have to prove the unlawful acts were committed knowingly, willfully, intentionally, and unlawfully. [Id. at 8]. Petitioner then testified that he was pleading guilty because he is "in fact guilty of the crime charged." [Id. at 10]. Finally, Petitioner testified that he understood all aspects of the proceeding and had no comments or questions for the Court. [Id. at 13]. The Magistrate Judge accepted Petitioner's guilty plea, finding that it was knowingly and voluntarily made. [Id. at 15; CR Doc. 12 at 9: Entry and Acceptance of Guilty Plea].

Petitioner was sentenced on March 30, 2005. [CR Doc. 41: Sentencing Tr.]. Prior to Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [See CR Doc. 16]. At the sentencing hearing, Petitioner stipulated that there was a factual basis to support his guilty plea as reflected in the PSR. [Id. at 2]. The Government moved the Court to upwardly depart from the applicable guideline range pursuant to USSG §4A1.3(a) for the inadequacy of Petitioner's criminal history category. [CR Doc. 13]. Section 4A1.3(a), then and now, allows for an upward departure where the defendant's criminal history category "substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes…." [Id. (citing USSG §4A1.3(a))]. In cases like Petitioner's, where a defendant is already in the highest criminal history category, VI, the upward departure may consist of enhancing the offense level. [Id. (citing USSG §4A1.3(a)(4)(B))]. At the hearing, the Government argued that Petitioner had "amassed a grand total of 38 criminal history points, just shy of three times the number of points necessary to achieve category VI, and we felt that Criminal History Category VI simply doesn't contemplate someone like [Petitioner] who has overshot that mark by three-fold." [CR Doc. 41 at 9]. The Government "conservatively" requested a three-offense level increase.

[Id. at 10]. The Court denied the Government's motion. [Id. at 13]. In addressing the sentencing factors, the Government noted that Petitioner's criminal history was "so severe" that he "is not even allowed to possess a firearm." [Id. at 17].

The Court sentenced Petitioner to a term of imprisonment of 246 months. [Id. at 21; CR Doc. 20 at 2: Judgment]. Judgment on Petitioner's conviction was entered on April 18, 2005. [CR Doc. 20]. Petitioner did not directly appeal his conviction or sentence.

On April 10, 2017, the Court granted Government's motion to reduce his sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure based on substantial assistance Petitioner had provided to the Government. [CR Docs. 29, 31]. Amended Judgment was entered on April 18, 2017. [CR Doc. 32]. On August 31, 2018, Petitioner appealed this Amended Judgment for an insufficient reduction of his sentence. [CR Doc. 33]. On April 25, 2019, the Fourth Circuit granted the Government's motion to dismiss Petitioner's appeal as untimely. [CR Doc. 43]. Mandate issued on June 6, 2019 after it was briefly stayed on Petitioner's motion for rehearing or rehearing en banc of the dismissal. [CR Docs. 44, 45].

On July 1, 2020, Petitioner moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), claiming that his underlying health conditions

place him at higher risk for severe illness from COVID-19. [CR Doc. 46]. The Court denied Petitioner's motion for the reasons stated in that Order. [CR Doc. 47].

On January 8, 2021, over 15 years after Petitioner's original conviction, Petitioner filed the pending motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. [CV Doc. 1]. As grounds for this relief, Petitioner argues that his guilty plea and conviction should be vacated under Rehaif v. United States, 139 S. Ct. 2191 (2019).[2] Petitioner claims that his "guilty plea was not knowingly and intelligently made because he did not understand the essential elements of the offense to which he pled guilty." [Id. at 2]. Petitioner also directs the Court to United States v. Lockhart, 947 F.3d 187 (4th Cir. 2020), which Petitioner states addresses Rehaif in the context of a guilty plea. [Id.]. Petitioner argues that at the time of his plea colloquy he "was not informed that an additional element of the offense was that 'he knew he had the relevant status when he possessed the firearm'" [CV Doc. 1 at 4 (citing Rehaif, 139 S. Ct. at 2194)], and that a stand-alone Rehaif error "requires automatic vacatur of the defendant's guilty plea" [Id. at 5].

---

[2] In Rehaif, the Supreme Court "conclude[d] that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

5

The Court has conducted an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C.A. foll. § 2255 and finds that the motion appears untimely.

## II. DISCUSSION

Section 2255 imposes a one-year statute of limitations period for the filing of a motion to vacate:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's conviction became final for purposes of Section

2255(f) on May 2, 2005, fourteen days after judgment was entered.  See Fed. R. App. P. 4(b).  Accordingly, the one-year period of limitations under Section 2255 expired on May 2, 2006.  Petitioner did not mail his Section 2255 motion to vacate until on or about January 5, 2021.  [See CV Doc. 1].  As such, it is untimely under § 2255(f)(1).[3]  [See CV Doc. 1].

Petitioner, however, relies on Rehaif as grounds for his pending motion.  Even assuming *arguendo* that Rehaif would otherwise afford Petitioner relief, Rehaif was decided by the Supreme Court on June 21, 2019 and Petitioner did not file his motion within one year of that decision.  As such, Petitioner's claim appears untimely under §§ 2255(f)(1) and (3).

The Court will grant Petitioner 20 days in which to explain why this claim should not be dismissed as untimely, including any reasons why equitable tolling should apply.  See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

---

[3] The Court notes that even if the limitations period began to run from Petitioner's Amended Judgment, Petitioner's motion remains untimely.  An untimely appeal does not operate to extend the limitations period.  See generally Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361 (2000) (noting that untimely filed appeal could not operate to toll the running of the one-year limitation period under § 2254); see also, Fair v. United States, No. 5:08-cv-146, 2009 WL 159802, at *1 (W.D.N.C. Jan. 22, 2009) (an untimely notice of appeal does not toll limitation period under AEDPA).  As such, the Amended Judgment was final for AEDPA purposes on May 2, 2017, 14 days after it was entered.

## III. CONCLUSION

Because it appears that Petitioner's Section 2255 petition is time barred, the Court will grant Petitioner twenty (20) days in which to provide an explanation as to why the Section 2255 petition should not be dismissed as untimely, including any reasons why equitable tolling[4] should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner shall have twenty (20) days from entry of this Order in which to explain to the Court why his Section 2255 Motion to Vacate should not be dismissed as untimely. The failure to timely comply with this Order may result in dismissal of the petition without further notice to Petitioner.

---

[4] To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

**IT IS SO ORDERED.**

Signed: March 13, 2021

Martin Reidinger
Chief United States District Judge

9